DICKINSON v. COMSTOCK et al. (No. 755.)

(Court of Civil Appeals of Texas. El Paso. Dec. 6, 1917. Rehearing Denied Jan. 3, 1918.)

1. JUDGMENT ⬉429 — SETTING ASIDE — GROUNDS.

A judgment cannot be set aside on ground that judgment debtor had a good defense in the original action, unless an equitable excuse be shown for failure to assert such defense in the original action.

2. APPEAL AND ERROR ⬉1043(7) — HARMLESS ERROR—DENYING CONTINUANCE.

In action to set aside a judgment, denying a continuance requested to secure evidence that plaintiff had a good defense in the original action, is not prejudicial, where no equitable reason for not presenting such defense in the original action was established.

3. APPEAL AND ERROR ⬉1050(2) — HARMLESS ERROR—ADMITTING EVIDENCE.

Admitting evidence not pertinent to any material issue does not constitute reversible error.

4. JUDGMENT ⬉429—SETTING ASIDE—EVIDENCE.

In action to set aside a judgment on a note, the judgment creditor's ownership thereof cannot be questioned without an adequate excuse for failure to raise the point in the original action.

5. JUDGMENT ⬉429 — SETTING ASIDE — GROUNDS.

Defenses which should have been presented in the original action present no ground for setting aside a judgment.

6. JUDGMENT ⬉419—SETTING ASIDE—SERVICE.

Where a defendant appeared and answered, judgment against him will not be set aside because no citation was served upon him.

7. EXEMPTIONS ⬉116—LEVY—CULTIVATED LANDS.

Cultivated lands may be levied upon after the sheriff has exercised due diligence to have the judgment debtor point out uncultivated lands, etc., from which to satisfy the levy.

8. EXECUTION ⬉172(4) — SALE — INJUNCTION.

An execution sale of cultivated lands will not be enjoined, unless the judgment debtor establishes that he owned personalty or uncultivated lands within the county at date of application for the writ sufficient to satisfy the judgment.

9. EXECUTION ⬉171(2) — SALE — INJUNCTION.

An execution sale of land will not be enjoined because the value of the land grossly exceeds the judgment, since the judgment debtor, under Rev. St. 1911, art. 3754, can protect himself by requiring sales in 50-acre lots.

Appeal from District Court, Leon County; S. W. Dean, Judge.

Action by A. D. Dickinson, Jr., against L. Comstock and others. Judgment for defendants, and plaintiff appeals. Affirmed.

A. C. Heath, of Ft. Worth, for appellant. W. H. Grove, of Ft. Worth, for appellees.

HIGGINS, J. In November, 1914, appellee Mrs. L. Comstock filed suit in the district court of Leon county against appellant Dickinson and T. J. Jarnagan, Mrs. V. F. Miller and her husband, C. O. Miller, to recover upon two promissory notes executed by Jarnagan, payable to the order of V. W. Price, and for foreclosure of vendor's lien securing the payment of said notes upon land in said county. This suit was numbered 3609. In August, 1915, judgment was rendered therein in favor of Mrs. Comstock against Jarnagan, Dickinson, and V. F. Miller for $805.32, with foreclosure of lien. The land was sold for an amount insufficient to pay the judgment. Execution was issued for the balance due and placed in the hands of the sheriff of Tarrant county. The same was levied upon cultivated lands of Dickinson. This suit was then brought by Dickinson to enjoin the sale of the lands so levied upon, and to set aside the judgment rendered in cause No. 3609. The cause was tried without a jury, and judgment rendered in favor of Mrs. Comstock.

[1, 2] Error is assigned to the overruling of a motion for continuance based upon the absence of Mrs. Comstock whom appellant de-

sired to use as a witness. In substance, it is stated in the application that appellant expected to show a good defense to the suit in cause No. 3609 by proving by Mrs. Comstock's testimony that the notes sued upon in that case were not valid demands: First, because they had been paid by one E. J. Smith; second, because said notes were not the property of Mrs. Comstock.

If it were true that the notes had been paid by E. J. Smith, or that Mrs. Comstock was not the owner thereof, the judgment in cause No. 3609 should not have been rendered. But it was a matter of defense which should have been made by Dickinson in that cause. A suit to set aside a judgment on the ground that the plaintiff had a good defense to the original action cannot be maintained, unless some reason be offered based upon equitable considerations to excuse the failure to present such defense in the original suit. See cases cited, 13 Michie Dig. pp. 489, 498, 504. The only equitable ground offered by appellant for his failure to present his defense of payment and nonownership by Mrs. Comstock of the notes sued upon in cause No. 3609 is the allegation that appellant's attorney acted in collusion with Mrs. Comstock's attorney; but this issue was resolved against him by the trial court, and the evidence abundantly supports the finding. The testimony of Mrs. Comstock was desired not for the purpose of establishing collusion, but simply to show the existence of the defenses. If it had been obtained it would have availed appellant nothing, unless coupled with some equitable consideration excusing the failure to present it in the original suit. Appellant having failed to establish the existence of any equity excusing the failure to offer his defenses in the original suit, the action of the court in overruling an application for a continuance to obtain evidence to show the existence of good defenses is not reversible error.

[3, 4] On May 29, 1912, V. W. Price transferred in writing to E. J. Smith the two notes upon which Mrs. Comstock sued and recovered in the original suit of Comstock v. Dickinson. Upon trial of the instant case, testimony of two witnesses was admitted to the effect that the transfer in fact was made to J. N. Brooker. It is objected to this testimony that it varied and contradicted the terms of the written transfer. The testimony related to the issue of Mrs. Comstock's ownership of the notes which was a question which might have been raised in the original suit, but which cannot be raised in this suit in the absence of a good excuse for not presenting the defense of nonownership in the original action. The evidence not being pertinent to any material issue in the present case, its admission does not present reversible error.

[5] Under the sixth, eighth, tenth, eleventh, twelfth, and thirteenth assignments, various reasons are assigned why the judgment in the original action was improperly rendered. They all relate to defenses which should have been presented in that action, and present no ground for setting that judgment aside in this proceeding.

[6] Under the seventh assignment, it is asserted that the judgment rendered in the original action was void because rendered without service of citation upon Dickinson or appearance. The record shows that Dickinson did appear and file an answer in the cause for which reason this assignment is without merit.

Under the ninth and seventeenth assignments, it is asserted that the evidence discloses collusion between appellant's attorney and the attorney for Mrs. Comstock in the original action, and by reason of this fraud upon his rights Dickinson was deprived of his opportunity to present his defenses in that case. This was an issue of fact which the court has found against appellant. The evidence supports the finding, and it cannot be set aside by this court.

[7, 8] Under the fourteenth and fifteenth assignments it is asserted that the sale of the lands levied upon should be enjoined for the reason that the sheriff of Tarrant county failed to call upon Dickinson to point out property which might be levied upon, and the evidence discloses that Dickinson had personal property in Tarrant county sufficient to satisfy the execution and upon which the execution could have been levied, and also had uncultivated lands upon which the execution could have been levied. In reply to these assignments, it is sufficient to say that under the evidence the court was authorized to find that the sheriff exercised due diligence to find Dickinson and have him point out property upon which the execution should be levied, and having failed to locate him, he was authorized to make the levy upon the cultivated lands. We think further that in order to authorize enjoining the sale of the cultivated lands so levied upon, Dickinson in his petition and in his evidence should have pointed out personal property or uncultivated land then owned by him in Tarrant county which was subject to execution sufficient to satisfy the writ. The testimony simply shows that Dickinson owned uncultivated lands in other parts of Texas. Of course, the sheriff of Tarrant county could not levy an execution on lands in other counties, and as to the personal property, the testimony simply shows what personal property Dickinson had at the time the levy was made. It does not show what personal property he had at the time this suit was filed and the trial had. For the reasons indicated, these assignments present no error.

[9] By the sixteenth assignment, it is asserted that the sale of the lands so levied upon should be enjoined because the levy was grossly excessive in that the lands levied upon were of value very greatly in excess of the judgment to be satisfied. By exercising the right granted by article 3754 of the Revised Statutes, Dickinson can protect himself from the consequences of an excessive

levy by requiring sale of the lands to be made in lots of not less than 50 acres. For this reason, the excessive nature of the levy presents no ground for enjoining the sale.

Finding no reversible error, the judgment is affirmed.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.